**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
PLUG POWER INC.,

                                          Plaintiff,

               - v -                                        Civ. No. 1:08-CV-496
                                                             (GLS/RFT)

UBS AG and UBS FINANCIAL SERVICES, INC.,
                                         Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**ORDER**

This Court was previously called upon to determine if documents, which were shared with the Attorney Generals of Massachusetts and New York, should also be shared with Plug Power. UBS asserted that any documents shared with Massachusetts and New York were done so under confidentiality agreements. UBS further argued that those confidentiality agreements precluded subsequent disclosure to third parties. Weighing the corresponding legal and procedural issues, this Court issued an Order, dated October 2, 2008, finding that documents shared with an adversarial government agency pursuant to a confidentiality, non-waiver agreement did not waive a disclosing party's privileges. Dkt. No. 9, Order, at p. 9. Since we found no selective waiver, we further ruled that, "as a singular and comprehensive package of documents, UBS [did] not have to make a wholesale, unrestricted production of those documents shared with these agencies." *Id*. at 9-10. However, since those confidentiality, non-waiver agreements were not shared with the Court at the moment we rendered the October 2nd Order, the Court issued a conditional directive:

> Unless UBS provides this Court with a copy of the confidentiality agreements with Massachusetts and New York within five (5) days of this Order, the Court finds that all disclosures to these two states have been waived, [but] if UBS provides those confidentiality agreements and they possess terms which protect disclosure of the documents shared with Massachusetts and New York, the Court finds that there is

>     no selective waiver[.]
> 
> *Id*. at p. 10.

On October 6, 2008, UBS presented the Court with the Massachusetts' and New York's confidentiality agreements *in camera*. Dkt. No. 57, Def.'s Lt.-Br., dated Oct. 6, 2008. After reviewing these materials, this Court finds that indeed the confidentiality, non-waiver agreements exist and they possess terms which protect disclosure of those documents to third-parties; accordingly, UBS privileges were not waived. Further, we reiterate our Ruling that UBS does not have to make a wholesale, unrestricted production of those documents that were shared with these agencies to Plug Power. This ruling requires Plug Power to modify its original demand and make specific demands for documents.

Recently, on October 10, 2008, Plug Power filed a Letter Brief asking this Court to reconsider the October 2nd Order to the extent that we ordered, in terms of the discovery timetable, the "parties . . . to follow the direction of the Federal Rules of Civil Procedure[.]" In their Letter Brief, Plug Power seeks an order directing UBS to produce its responses and corresponding documents to Plug Power's discovery demands on a more expedited and ambitious basis. Dkt. No. 58. Basically, Plug Power, who served its Demands on October 2, 2008, asks this Court to direct UBS to provide the demanded documents no later than October 20, 2008. *Id*. at p. 4. Under Federal Rule of Civil Procedure 26, responses to demands are due within thirty (30) days of being served with the demand. Thus, Plug Power seeks to shave ten days off the statutory permitted time period. The current reasons given for such an adventurous schedule relate directly to UBS's recently released Prospectus on the global settlement terms pertaining to ARSs' claims, which Plug Power argues differ greatly from UBS's previous representations of the terms to this Court. Dkt. No. 58 at pp. 2-4, Appendix A. UBS has responded to Plug Power's new application and opposes Plug

Power's effort to convince the Court to ignore the statutory discovery time frame and employ a tighter and shorter discovery time frame. Dkt. No. 59. Within its opposition, UBS challenges Plug Power's interpretation of the salient terms of the Prospectus.

The Court is not persuaded that there is a need to pursue discovery on a faster schedule than provided by the Federal Rules. Reliance upon UBS's Prospectus to supplement Plug Power's previous arguments for an ambitious discovery schedule is unavailing. We agree with Plug Power that the final Prospectus has some differences from USB's previous representations of the terms, but they are not fatal to Plug Power's prosecution of its claims nor remarkably different except for relatively short opt-in period of November 14, 2008. In previous court appearances, there was never a mention of a cut-off date for the opt-in period until now. UBS's counsel, however, posited that there was no urgency to Plug Power making any decision on the prospective settlement terms, and "as [he] underst[ood] it . . ., [Plug Power] can wait until 2009." Dkt. No. 59 at p. 2. Because of this opt-in period, Plug Power argues that time is of the essence.

Had Plug Power rely solely upon the brevity of the opt-in period, its quest for the shorter disclosure period would have been persuasive. Yet, we recall that in August, Plug Power discounted the terms of the prospective consent decree and gave the impression that it was not inclined to consider those terms. Now, Plug Power takes to task the Prospectus' settlement terms, reiterates similar criticisms, and lists four reasons why the Prospectus is not attractive, again giving the Court the impression that it is not inclined to consider opting-in and settling its claim upon UBS's current terms. Dkt. No. 58 at pp. 2-4. Plug Power also notes that is not eligible to sell its ARSs back to UBS until June 30, 2010, another reason why the opt-in date presents an obstacle to accepting the terms of the Prospectus. Therefore, this Court does not fathom how cutting UBS's time to respond

by ten days has any benefit or utility on whether Plug Power decides to opt-into the settlement prior to November 14, 2008. Furthermore, that decision can be made without resorting to discovery of a massive ream of pages.

This Court is unable to discern any greater prejudice than that already expressed by Plug Power when the Court stated discovery would remain on track consistent with the Federal Rules and the Uniform Pretrial Scheduling Order. The Uniform Pretrial Scheduling, albeit not as proposed by Plug Power, nonetheless is on an expedited basis for a case of this magnitude. If Plug Power does not settle under the terms of the Prospectus, which it has intimated that the settlement, in its current form, it is not likely, and fully litigates this matter, this case would not be in a posture of resolution either by a dispositive motion or trial for at least another year. So, the urgency of possessing discovery would not promote a more expeditious disposition of this case. Hence, there is no basis for changing the current schedule.

Plug Power's Application, Dkt. No. 58, is **denied**. We expect UBS to readily comply with the Federal Rule and provide the responses timely.

October 15, 2008
Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge